### 31012.   AULT v. WHITTEMORE.

DECIDED OCTOBER 4, 1945.

*Hardin & McCamy,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

SUTTON, P. J.   B. B. Whittemore sued Lake Ault, in Whitfield superior court, for damages to his person and property. The petition alleged: that, while the plaintiff was operating his automobile along the public highway leading from Ft. Oglethorpe to Ringgold, Georgia, on June 6, 1944, he was struck and injured

by the defendant's automobile, which at the time of the collision, was being operated by the defendant in the opposite direction along said highway; that the plaintiff in his automobile had entered onto and was proceeding across a bridge over Chickamauga creek on said highway, at a lawful rate of speed and to the right of the center of the highway, when the defendant approached the bridge around a curve from the opposite direction, traveling at a rate of speed in excess of 30 miles per hour, on the left of the center of said highway, and collided with the left front wheel of the plaintiff's automobile, while crossing the bridge, thereby demolishing the plaintiff's automobile, and inflicting serious, painful, and permanent injuries upon the person of the plaintiff; that the defendant was negligent in operating his automobile to the left of the center of the highway, and in operating it at an excessive rate of speed at the time and place of the collision; that the plaintiff received described personal injuries, among which was an injury to his left elbow and an injury to his left knee; that he was confined to his home for a period of two weeks, during which time he suffered excruciating pain, and still suffers pain and will continue to do so in the future; that he is a barber by trade and earned the sum of $50 per week, but on account of his alleged injuries his earning·capacity has been permanently reduced at least 25 percent; that his automobile was reasonably worth $1000 prior to said collision, and after the collision it was worth only $50 as junk; that he was 42 years of age, in good health, and had an expectancy of 26.14 years. The plaintiff sued for damages for lost time, pain and suffering, past, present, and future, for permanent reduction in his earning capacity, for a doctor's bill, and for damages to his automobile.

The defendant in his answer denied all of the material allegations of the petition, and alleged that he was in the exercise of proper care in the operation of his automobile on the occasion in question, and that the plaintiff failed to exercise ordinary care for his own safety, thus causing the injuries to himself without any fault on the part of the defendant. By amendment, the defendant filed a cross-action, in which he alleged, in substance, that he exercised due care in the operation of his automobile at the time and place of the alleged collision, and that he operated his car on the proper side of the highway and at a safe rate of

speed under the circumstances; but that the plaintiff failed to exercise ordinary care for the safety of the defendant, in that the plaintiff operated his automobile at an excessive rate of speed, under the circumstances, and to the left of the center of the highway, and as a result thereof collided with the automobile of the defendant; and the defendant sought a verdict for damages to his automobile in a stated amount.

The evidence for the plaintiff and for the defendant was in conflict; and it is conceded by counsel for the plaintiff in error in their brief that the evidence would have authorized a verdict in favor of either party. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, which was amended by adding four special grounds. The motion was overruled and he excepted.

■ The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial on the general grounds.

■ Special ground 1 assigns error upon the following charge of the court: "I charge you, subject to the other rules of law which I have and will hereafter give you in charge, as to the case of B. B. Whittemore, and the cross-action of Lake Ault, that you will look to the evidence and determine whether or not to apply the rule of comparative negligence. If you find from the evidence in these cases that both B. B. Whittemore and Lake Ault were guilty of all or some of the acts of negligence alleged in their respective pleadings, resulting in injuries and damage to either or both, the party guilty of the greater negligence is liable to the party guilty of the lesser negligence, but you would reduce such recovery in proportion to the percentage of negligence you find attributable to the party guilty of the lesser negligence." The plaintiff in error contends that this charge was erroneous, misleading, and confusing, because of the failure of the court to qualify the same by instructing the jury that the law of comparative negligence is applicable only when neither of the parties was guilty of negligence to a degree amounting to a lack of ordinary care for his own safety; and that the charge authorized the jury to return a verdict in favor of one of the parties, although the jury might have found that the party guilty of the lesser degree of negligence was guilty of the failure to exercise ordinary care for his own safety.

The automobiles of the plaintiff and the defendant collided on a public highway while crossing a bridge. The plaintiff sued the defendant for damages alleged to have been caused by the negligence of the defendant in operating his automobile at an excessive rate of speed and across the center line of the road. The defendant answered and countered with a cross-action for damages against the plaintiff, based on like grounds of negligence of the plaintiff. Each party contended that the collision was caused by the negligence of the other. These two claims for damages and the case of Mrs. Iris Whittemore against Lake Ault were being tried together, and the judge's charge immediately preceding the part here complained of was as follows: "Any person seeking to recover from any other person in these cases can only recover by proving that such person was negligent in the manner alleged in the pleadings of the complaining party. The duty to exercise ordinary care rests upon all the parties in these cases, and the question of which party, if any, exercised ordinary care in these cases is a question for the jury to determine. If any party sued was not negligent in the manner that is alleged in the pleadings of the complaining party, then such complaining party can not recover. If any party was negligent in the manner alleged in the pleadings of the complaining party and that negligence was the proximate cause of the injury to such party, then such party is entitled to recover, subject to the other rules I have and will hereafter give you in charge. I charge you, gentlemen, that no complaining party is entitled to recover in these cases, if you find from the evidence that such party could have by the exercise of ordinary care avoided the injuries and damages complained to himself or to herself." The portion of the charge complained of, when considered with the portion just referred to, was not error for any reason assigned. The court in plain and no uncertain terms instructed the jury that the plaintiff was not entitled to recover, if the jury found from the evidence that, by the exercise of ordinary care, he could have avoided the injuries complained of. The cases of *Americus, Preston &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105); *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (128 S. E. 918), cited and relied upon by the plaintiff in error, do not authorize or require a ruling that the charge here complained of

was error. It was said by the Supreme Court in *Americus, Preston &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (supra), that "The charge given by the judge below, in effect, makes the defendant liable if the jury should find both parties negligent, notwithstanding they might have believed that if the plaintiff had exercised ordinary care she would not have been hurt." The charge of the court in the present case made it plain to the jury that if Whittemore and Ault were both negligent, and although Ault's negligence was greater than Whittemore's, Whittemore could not recover, if the jury should find from the evidence that by the exercise of ordinary care, he could have avoided the injuries complained of.

■ Special grounds 2 and 3 of the motion contend that the court erred in instructing the jury on the measure of damages. The portions of the charge excepted to in these grounds are lengthy, and it is not necessary to set them out here. The plaintiff sued for damages for lost time, pain and suffering, past, present, and future, for permanent reduction in his earning capacity, for a doctor's bill, and for damages to his automobile; he submitted evidence as to such different items of damages; and the judge charged the jury with respect to those items. We have carefully read and considered the charge of the court on the question of damages in this case; but, under the pleadings and the evidence, we do not think such charge was harmful to the plaintiff in error for any reason assigned in these grounds. The charge was not subject to the criticism that it gave the jury no rule to follow with respect to special damages; nor did the charge authorize the jury to find in favor of the plaintiff for the full amount of the expenses incurred, in addition to loss of time and pain and suffering, so as to authorize a verdict for double damages; nor was the charge an intimation by the court that the plaintiff was entitled to recover; nor was the charge misleading and confusing to the jury, in that it combined and confused the measure of damages for diminution of capacity to earn with the measure of damages for future pain and suffering. It is true that the judge, in charging on the separate items of damage, told the jury to determine from the evidence whether the plaintiff was entitled to recover as to such item of damage and, if he was so entitled to recover, then to determine the amount and return a verdict for that amount. The plaintiff in error complains that this charge was error, in

that it authorized the jury to return verdicts for separable amounts of damages sustained, pyramiding these amounts into a lump sum. The jury unquestionably understood that they were to consider the evidence as to the different items of damage in making up their verdict and in undertaking to determine what amount the plaintiff was entitled to recover in the case, in the event the jury should find in his favor. The plaintiff's suit was for $5000 damages. The verdict of the jury was for one amount in the sum of $1000.

■ Special ground 4 of the motion contends that the court erred in refusing to give in charge to the jury the following timely written request: "I charge you, gentlemen of the jury, upon the theory of accident. If you should find under the evidence in this case that the defendant was in the exercise of ordinary care, and that the collision was not a result of the failure of the defendant to exercise ordinary care, or the result of the failure of the driver of the automobile in which the plaintiff was riding to exercise ordinary care, that would be what the law designates as a mere casualty for which no one is to blame, and you should find for the defendant." The suit was predicated on the alleged negligence of the defendant in the operation of his automobile as the cause of the collision. The defendant did not plead accident, but countered with a cross-action, in which he alleged that the collision was caused by the negligence of the plaintiff. The evidence for the plaintiff tended to sustain his contentions as to the negligence of the defendant, and the evidence for the defendant tended to sustain his contentions as to the negligence of the plaintiff. The evidence showed that the bridge on which the accident occurred was $14\frac{1}{2}$ feet wide, and that each automobile involved was not more than 6 feet wide, which would have left a clearance of $2\frac{1}{2}$ feet between them. Under the pleadings and the evidence, the collision was caused by the negligence of the defendant or of the plaintiff; and, consequently, the theory of accident was not involved. See *Stansfield* v. *Gardner*, 56 *Ga. App.* 634, 645 (4) (193 S. E. 375); *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142 (22 S. E. 2d, 336). The court did not err in failing to give to the jury the charge requested.

■ The court did not err in overruling the motion for a new trial. *Judgment affirmed. Felton and Parker, JJ., concur.*