## 33300. Toles v. Hair et al.

Felton, J. 1. Where the plaintiff was a passenger in an automobile that collided with a truck being driven by one of the defendants, and the evidence did not disclose that the plaintiff was in any way negligent and did not show that the driver of the automobile was the agent of or under the control of the plaintiff, it was error for the court to charge that a duty was upon the plaintiff to exercise ordinary care to avoid the consequence of the defendants' negligence, if any, and that if she failed to do so there could be no recovery. *Bellamy* v. *Georgia Power Co.,* 67 *Ga. App.* 569 (21 S. E. 2d, 294); *Kuttner* v. *Swanson,* 59 *Ga. App.* 818, 821 (3) (2 S. E. 2d, 230).

2. Where the evidence plainly shows that the injuries of the plaintiff were due exclusively to the negligence of the defendant truck driver, or of the driver of the automobile, or of both, it was error for the court to charge the law of accident. *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142, 146 (22 S. E. 2d, 336).

3. The assignment of error complaining of the failure of the court to charge, in charging Code § 38-107, that the jury might consider the witnesses' personal credibility so far as the same might legitimately appear from the trial will not be passed on, as the omission to so charge will not likely occur on a new trial.

4. The assignment of error complaining of insufficiency of the verdict will not be passed on as a new trial is granted on other grounds.

The court erred in overruling the amended motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

Decided January 9, 1951.

*T. J. Espy, Maddox & Maddox,* for plaintiff.
*Brinson & Davis,* for defendants.