33928. MASSEY *v.* GEORGIA POWER COMPANY.

Decided March 10, 1952.

*Claude V. Driver, Irwin & Dyer,* for plaintiff.

*Wright, Rogers, Magruder & Hoyt, Donald B. Howe,* for defendant.

GARDNER, P. J.   1. The judge, in charging the principle embodied in Code § 105-401, instructed the jury that, "with reference to the law as applied to this particular case and any similar case, where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purposes, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe, or reasonably safe." Error is assigned in special ground 1 on the foregoing charge of the court because of the use by the court of the phrase "or reasonably safe," at the conclusion of its statement of this principle of law.   In *Western & Atlantic Railroad* v. *Hetzel,* 38 *Ga. App.* 564 (144 S. E. 506), this court, in dealing with the law embodied in this Code section relative to the duty owed by the owner or occupier of land to an invitee held that "the duty to an invitee seems to be to exercise ordinary care to keep the premises safe, not reasonably safe."   There is a wide difference, in referring to the duty of the owner of premises to an invitee injured on the premises, between exercising ordinary care to keep the premises safe and exercising such care to keep the premises reasonably safe.   The duty is imposed by law upon the owner as to an invitee to keep such premises and approaches safe and if he fails to exercise the care required of a reasonably prudent man in keeping such premises safe, he is liable to the invitee for an injury sustained thereon as a result of the unsafe condition of the premises.   He must exercise ordinary care to keep the premises safe, not to keep the premises reasonably safe.   The owner is liable if he fails to keep the premises safe, that is, if the premises are unsafe because of his failure to exercise ordinary care, thereby causing injury to his invitee thereon.

It follows that the above charge is not a correct and apt statement of the law, and is erroneous.

2. In special ground 6, the plaintiff assigns as error this charge: "Gentlemen, I intended to charge this principle of law: I charge you that if you should find from the evidence that this was an

accident, that neither party was responsible for it, then there would be no liability on the part of the defendant to the plaintiff. An accident is an event that takes place without one's foresight or expectancy; that which takes place or begins to exist without design. It is for you to determine from the evidence all the facts in the case, and by giving you the various principles of law and making the various rulings in the case, I have not intended to express any opinion in regard to the facts. It is peculiarly within your province to determine what they are." The plaintiff says that this charge was error and was misleading and confusing to the jury and that same was not warranted under the evidence and that there was nothing in the pleadings or the evidence requiring a charge on the law of accident. The plaintiff asserts in this ground that after the court had completed his charge to the jury and the jury had retired, counsel for the defendant and counsel for the plaintiff conferred with the court, and counsel for the defendant made an oral request that the court charge on the law of accident, to which the plaintiff objected, but that the court recalled the jury and then gave the foregoing excerpt. Furthermore, it appears from the above-quoted charge of the court and from special grounds 2 and 3 that the court referred to the transaction in which the plaintiff was injured as an accident. There was no defense interposed by the defendant that the plaintiff's injury was the result of an accident. The defense set up was that it was not negligent. It denied the allegations of the petition that it was negligent as the plaintiff alleged. Under the facts, there was no question of accident involved, and it was error for the court to so instruct the jury. The plaintiff contended that she was injured as a result of the defendant's negligence and the defendant contended that it was not negligent. The plaintiff also alleged that she was free from fault and that she was not injured because of her failure to exercise due care for her own safety, and the defendant denied this. These were the issues in the case and there was no question as to accident. Accident, as that term is used in the law of negligence, was not involved, and it was error for the court to give the above charge. See *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142 (22 S. E. 2d, 336); *Stansfield* v. *Gardner*, 56 *Ga. App.* 634 (193 S. E. 375), wherein the court stated: "accident,

in its strict sense, implies the absence of negligence, for which no one would be liable."

It was likewise improper for the court to refer to the occurrence in which the plaintiff was injured, that is, the falling upon the floor of the defendant's place of business to which she was invited by the defendant; as an accident, as the court did as appears from the excerpts from the court's charge set out in special ground 2, that "if from the evidence you conclude that the accident would not have occurred if the plaintiff had used ordinary care for her own safety, then you would find for the defendant" and as set out in special ground 3 that "if you find she (plaintiff) could have avoided the accident by using due care for her own safety, then you should find for the defendant." In its proper use the term accident excludes negligence; that is, an accident is an event which occurs without the fault, carelessness or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which one was placed.

3. Special ground 4 as to the excerpt from the court's charge on the duty of the plaintiff and the defendant regarding the duty to exercise due care, shows no error.

The assignments of error in special grounds 2 and 3, save as hereinabove referred to in dealing with special ground 6, show no reversible error under the record of this case. In special ground 5, the request to charge is not perfect, and the court's refusal to follow the request to so charge shows no reversible error.

General grounds: The evidence does not demand a verdict for the defendant power company. There was evidence from which the jury would have been authorized to find that the defendant was negligent as alleged and that the plaintiff was injured as a result of this negligence.

It follows that the judgment should be reversed.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*