19615.  EVERETT, Next Friend *v.* CLEGG.

ARGUED MARCH 11, 1957—DECIDED APRIL 9, 1957.

*Maddox & Maddox,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

ALMAND, Justice.  Parnick Everett, a minor, through his father as next friend, filed his suit to recover damages for personal injuries against Mary G. Clegg.  The father also filed suit to recover damages for loss of his son's services, etc.  The action grew out of a collision between the motorcycle operated by the son and an automobile operated by the defendant at a street intersection in the City of Rome.  In both suits, it was charged that the proximate cause of the collision was due to several specific acts of negligence on the part of the defendant.  The defendant, in her answer to the son's suit and in her answer and countersuit to the father's suit, asserted that the sole and proximate cause of the collision was due to the negligence of the son in operating the motorcycle.  The two suits were tried together and resulted in a verdict for the defendant in both cases.  The motion for a new trial filed in the son's case was denied, and this judgment was affirmed by the Court of Appeals.  *Everett v. Clegg,* 94 *Ga. App.* 725 (96 S. E. 2d 382).  The son's application to this court for writ of certiorari, assigning five alleged errors

on the rulings of the Court of Appeals, was granted.

1. In his motion for a new trial, the petitioner assigned error on this charge of the court to the jury: "If you should find that Mr. Everett's son was in peril by negligence on the part of the defendant, Miss Clegg, and that he had two ways of conduct open, one safe and the other obviously dangerous, it was his duty to adopt that course which was safe. If he failed to adopt the safe course and was injured by adopting the obviously dangerous course, he cannot recover in this action." In approving this charge, the Court of Appeals in its opinion said that, from the evidence, "the jury would have been authorized to find that he created an emergency and of the two courses open to him, chose the perilous rather than the safe course, and the trial court did not err in charging upon these two issues." P. 731.

This instruction stated an incorrect principle of law. The charge placed an absolute duty upon the petitioner to select the safe course or else be barred from a recovery, when placed in a position of peril by the negligence of the defendant, without regard as to whether the petitioner was, at the time and in the light of the surrounding circumstances as they appeared to him, acting as an ordinarily prudent person. When a driver of a motor vehicle is confronted with a sudden emergency caused by the negligence of another, he is not to be barred from a recovery because he exercised bad judgment under the circumstances, but in such emergency is only charged with the duty of exercising ordinary care and diligence under the circumstances. *Pickering* v. *Wagnon,* 91 *Ga. App.* 610, 613 (86 S. E. 2d 621); *Cone* v. *Davis,* 66 *Ga. App.* 229 (2) (17 S. E. 2d 849); *Whitfield* v. *Wheeler,* 76 *Ga. App.* 857, 860 (47 S. E. 2d 658).

In *White* v. *Knapp,* 31 *Ga. App.* 344 (6) (120 S. E. 796), the following charge was held to be correct: "The court charges you, in that connection, that if you should believe from the evidence that plaintiff was negligently and suddenly put in a place of peril by the defendant, with insufficient time to consider all the facts and circumstances which surrounded him, the law wouldn't require of him the same degree of care and caution that it would a person who had ample time for the exercise of his judgment. In other words, when a person is suddenly put in the position of

peril by the negligence of another, and where, under the circumstances, the emergency is so great that they have to act without having time to think, then a person confronted with such emergency is not held to as strict accountability as a person who has ample time to consider the circumstances and the situation." A driver of a motor vehicle, when confronted with a sudden peril not arising from any fault of his own, will not be held negligent where he exercises the right to take care of himself in order to avoid injury, provided he acts with such care as an ordinarily prudent person would exercise. *Cone* v. *Davis,* 66 *Ga. App.* 229, supra; *Gatewood* v. *Vaughn,* 86 *Ga. App.* 823, 825 (72 S. E. 2d 728).

The statement in the opinion in *Atlantic Coast Line Railroad Co.* v. *O'Neill,* 127 *Ga.* 685, 690 (56 S. E. 986), that "There does not seem to be any error, as against the defendant, in the instructions complained of which declared that it is the duty of a party imperiled by another's negligence, where two ways of conduct are open, one safe and the other manifestly dangerous, to adopt that course which is safe," does not correctly reflect the content of the instruction given, it not being set out in the report of the case. The original record in that case shows that the instruction given was as follows: "I charge you that if there are two or more positions which a party can occupy after his safety is imperiled, by the lack of ordinary care on the part of another, and one of these positions is apparently safe, and the other or others are manifestly dangerous, *he should, in the light of the surrounding circumstances as they appeared to him at the time as an ordinarily prudent man,* select the safe or safer of such positions." (Italics supplied.)

2. The ruling of the Court of Appeals that the trial court did not err in charging the jury on the defendant's duties, stating: "Mischief, which could by no reasonable person have been anticipated, cannot be taken into account as a basis upon which to predicate a wrong," was not erroneous. The use of the word "mischief" was harmless, this word being synonymous with the word "injury".

3. The Court of Appeals held that the following charge of the court: "The plaintiff is entitled to recover if he proves to your

satisfaction under the rules of law given you in charge *that the defendant was negligent as alleged in his petition,* and that he was injured and damaged as a proximate result thereof" [italics supplied], was not error, over the contention that it led the jury to believe that, before the plaintiff could recover, he must prove that the defendant was negligent in each of the several ways alleged in the petition. It was held that this charge did not violate the rule that, although the plaintiff may allege several acts of negligence, proof of all such acts is not required, and a recovery will be sustained upon proof of any one or more of such acts.

This charge was erroneous and injurious to the plaintiff for the reason that, in effect, the jury were told that the burden was upon the plaintiff to prove *all* of the allegations of negligence in his petition before they would be authorized to return a verdict in his favor. See *Harrison* v. *League,* 93 *Ga. App.* 718, 720 (92 S. E. 2d 595).

4. Error is assigned on the ruling of the Court of Appeals that the trial court did not err in charging the jury upon the law relating to accident. It is contended that the theory of accident was not raised by the pleadings or the evidence.

Where the evidence plainly shows that the injuries of the plaintiff were due either exclusively to his own negligence, or solely to the negligence of the defendant, or to the negligence of both the plaintiff and the defendant, it is error for the court to charge the law of accident. *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142 (1) (22 S. E. 2d 336); *Toles* v. *Hair,* 83 *Ga. App.* 144 (2) (63 S. E. 2d 3); *Bush* v. *Skelton,* 91 *Ga. App.* 83 (84 S. E. 2d 835). Code § 102-103 defines accident as "an event that takes place without one's foresight or expectation; that which takes place or begins to exist without design." Neither the pleadings nor the evidence raised any question of accident, the issue before the jury being whether the injuries of the plaintiff were caused by the negligence of the defendant, or by his own negligence, or by the joint negligence of both. The injection by the court of the theory of accident as a cause of the two vehicles colliding was calculated to detract the attention of the jury from the real issue in the case, and was reversible error. *Morrow* v. *Southeastern Stages,* supra.

5. The remaining assignment of error relates to the act of the bailiff, during the time the jury were deliberating upon a verdict, in furnishing the jury at their request a booklet containing the traffic rules and regulations of the City of Rome. In view of the rulings above made, which will necessitate the granting of a new trial, and the fact that the matter complained of will not likely occur on another trial, it is unnecessary to pass upon this ruling of the Court of Appeals.

The judgment of the Court of Appeals, affirming the judgment of the trial court denying the motion for a new trial, was erroneous and must be reversed.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*