39590. COBB, by Next Friend v.
BIG APPLE SUPERMARKET OF COLUMBUS, INC.

DECIDED OCTOBER 16, 1962—
REHEARING DENIED OCTOBER 26, 1962.

*Vincent P. McCauley, Marilyn W. Carney,* for plaintiff in error.

*Kelly, Champion & Henson, S. E. Kelly, Jr.,* contra.

FRANKUM, Judge. All of the special grounds of the plaintiff's motion for a new trial present essentially the same question, viz., whether or not the court erred in instructing the jury with respect to the principles of law concerning "accident." The plaintiff insists that neither the pleadings nor the evidence authorized a charge concerning accident.

*Code* § 102-103 defines accident as "an event that takes place without one's foresight or expectation; that which takes place or begins to exist without design." See *Southern R. Co. v. Hill,* 125 Ga. 354 (54 SE 113). It is sometimes expressed as an event

which occurs without being caused by the negligence of anyone, either the plaintiff or the defendant. See *Savannah Elec. Co. v. Jackson*, 132 Ga. 559 (64 SE 680); *Alabama G. S. R. Co. v. Brown*, 138 Ga. 328 (75 SE 330). "An 'accident' in its strict sense implies the absence of negligence, for which no one would be liable." *Stansfield v. Gardner*, 56 Ga. App. 634, 645 (193 SE 375).

When the theory of accident is neither raised by the pleadings nor by the evidence, a charge on accident is error and reversible error if the charge is apt to mislead the jury. Cf. *Everett v. Clegg*, 213 Ga. 168 (97 SE2d 689); *Morrow v. Southeastern Stages, Inc.*, 68 Ga. App. 142 (1) (22 SE2d 336); *Toles v. Hair*, 83 Ga. App. 144 (2) (63 SE2d 3); *Bush v. Skelton*, 91 Ga. App. 83 (84 SE2d 835). See *Savannah Elec. Co. v. Jackson*, 132 Ga. 559, supra. But we are of the opinion that the charge was authorized by the evidence in this case.

In searching the record to find whether or not there was evidence authorizing the charge on the law relative to accident, we must keep in mind that: "To warrant the court in charging the jury on a given topic, . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews*, 79 Ga. 1 (2) (4 SE 13).

A witness for the defendant testified to facts which show that she was in the store on the afternoon in question. She testified that she saw a child step upon the bottom of a shopping cart and reach across it toward a counter. The witness stated that she told the child: "It [grocery cart] is liable to slip out from under you." She further testified: ". . . I hadn't more than said it before it did go out from under her." And when asked if the plaintiff was the girl she saw in the store, the witness testified: "I thought I recognized her [plaintiff] when she came in this morning but I won't swear to it because I am not sure." Although the witness did not positively identify the plaintiff as the girl she saw fall, we are of the opinion that her testimony

was sufficiently connected to the events under investigation by her positive testimony concerning the time and place where she saw the little girl fall so that the jury would have been authorized to conclude that the girl the witness saw fall was, in fact, the plaintiff.

Counsel for plaintiff contends that this testimony was insufficient to authorize a charge on the principles of law regarding "unavoidable accident," contending that the introduction of this testimony was an attempt to show that the plaintiff failed to exercise due care for her own safety. However, we are dealing with a case involving a plaintiff who was nine years of age at the time she was allegedly injured. It was a jury question as to whether the plaintiff had the capacity to exercise due care for her own safety. *Savannah R. Co. v. Smith,* 93 Ga. 742 (21 SE 157); *Central R. & Bkg. Co. v. Golden,* 93 Ga. 510 (21 SE 68); *Central R. & Bkg. Co. v. Rylee,* 87 Ga. 491 (13 SE 584, 13 LRA 634).

In *Central R. Co. v. Rylee,* 87 Ga. 491, 495, supra, the Supreme Court said: "Where a child under fourteen years of age is injured and brings his action for the injury, and there is a demurrer to the declaration on the ground that the allegations therein show that the child did not observe due care or could have avoided the injury by the observance of such care, the court may overrule the demurrer, on the ground that *prima facie* the child did not have sufficient knowledge or capacity to know what was due care, or sufficient capacity to have avoided the injury by its observance, and may invoke the analogy of the criminal law, and hold that the presumption is that the child did not know or did not have sufficient capacity, as was held in the case of *Rhodes v. Railroad,* 84 Ga. 320. But where there is no demurrer and the case is submitted to the jury, there is no presumption one way or the other, *and the jury must find from the evidence whether the child had sufficient capacity at the time of the accident to know the danger, and to observe due care for its own protection.* If it has such capacity and voluntarily goes into danger or to a dangerous place, it cannot recover; otherwise it can. *Young v. Railroad,* 81 Ga. 397, s.c. 83 Ga. 512. It depends altogether upon the capacity of the child at the

time of the injury. The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the competency of the child." (Emphasis ours).

Since the jury was authorized to find that the plaintiff was incapable of exercising due care for her own safety and protection, and that she did an act which caused her injuries and that this act was the sole proximate cause of her injury unconnected with any negligence of the defendant, it was authorized to find that the plaintiff's misfortune was an accident in the eyes of the law. See *Richter v. Atlantic Co.*, 65 Ga. App. 605 (16 SE2d 259). Hence, the evidence authorized a charge upon the principles of law concerning accident.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*