49183. DAVENPORT et al. v. LITTLE et al.

PANNELL, Presiding Judge.

This appeal involves two suits. One brought by a father, and one by the father as next friend of his minor son, as plaintiff, for injuries and damages growing out of a collision of a car, driven by the son, with a dump truck driven by one of the defendants, who, by stipulation of the parties, was the employee of the other defendant and that the owner employer would be responsible for the acts of his employee.

Thomas H. Davenport, the son, was proceeding westward on Gaydon Road, an east-west gravel surface road. Jessie Little was driving a dump truck of his employer south on Old Lost Mountain Road, a paved surface road that ran north and south. There were no stop signs or other controlling devices on either road at this intersection. The evidence as to the speed of the

Davenport car was 25 miles per hour by one witness, up to 30 to 35 miles per hour by other witnesses. The speed of the truck driven by Little was placed at 30 to 35 miles per hour by the defendant Little and up to 45 miles per hour by other witnesses who reconstructed the collision from physical facts appearing at the scene of the collision. Thomas H. Davenport was severely injured in the wreck and though he recovered and testified as to other matters, he could not recall anything concerning the collision, and thus there is no evidence by him as to the facts in regard to this occurrence. Jessie Little testified by deposition, which was rather skimpy as to some of the details. There was evidence showing that the collision occurred in the southbound lane of the old Lost Mountain Road at its intersection with Gaydon Road. The truck laid down tire marks for 55 feet before it collided with the right side of the automobile driven by Davenport. The car and truck both went 37 feet into a ditch on the southwest corner of the intersection and the truck turned over upon the automobile. Various photographs of the scene were introduced along with testimony of a reconstruction expert to the effect that there the hedgerow consisting of a fence, together with bushes and trees somewhat obstructed the view as to each driver seeing the other vehicle. Using the expert's own language, "The most obvious thing that is not there is good visibility." The time of the collision was December 8, 1970, at approximately 5:00 p.m. Upon the trial, the jury found for defendant and the plaintiff appeals, enumerating error on charges given, refusal to give request and on the general grounds that the evidence was insufficient to support the verdict. *Held:*

1. The evidence was sufficient to authorize the verdict.

2. Error is enumerated on the trial judge charging the jury as to accident. "In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind of degree of care necessary to the exigency and in the circumstances in which he was placed. Black's Law

Dictionary, 23. This court has said that an 'accident' in its strict sense implies the absence of negligence for which no one would be liable. *Stansfield v. Gardner,* 56 Ga. App. 634, 645 (193 SE 375)." *Richter v. Atlantic Co.,* 65 Ga. App. 605, 608 (16 SE2d 259). In our opinion, the ruling of this court in *Gurin v. Harris,* 129 Ga. App. 561, 562 (200 SE2d 368) is appropriate and applicable to the present case. "Apparently, based on the evidence alone, since there were no pleadings raising the defense of accident, the court charged that accident was an event which occurred without being caused by the failure of either party to exercise the duty of care required by law. But under the above situation said collision could only occur as a result of the negligence of one or the other or both of the parties. The evidence is devoid of any question of accident, and the court erroneously gave the defendants a defense which they did not request in their pleadings, nor by written request to charge, nor was it authorized by the evidence. See *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (1) (22 SE2d 336); *Ault v. Whittemore,* 73 Ga. App. 16 (4) (35 SE2d 530); *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834). In the *Jones* case, supra (p. 196), we find the following: 'There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody must have been at fault, and the question for the jury to determine was, who was guilty of negligence.' That opinion goes on to hold that the jury's attention should not be distracted by the consideration of an impossible theory of accident." We find nothing in the evidence in the present case that would indicate that the collision, which occurred was due to accident; we accordingly, hold that the trial court erred in charging on this theory.

3. There was no error in refusing to give a request to charge as to the negligence of one who "is so inattentive as to look to the side and not keep a constant lookout ahead." This charge was not adjusted to the evidence in the case as there is no evidence that either of the drivers was looking to the side.

4. Error is enumerated on the failure to give a request to charge "that the plaintiff is not required to prove each and every allegation of negligence whether it

be alleged as negligence per se, or merely alleged as being negligence" and that proof of any one of the acts of omissions alleged as negligence per se would be sufficient. This principle of law covered in this request was substantially covered by the general charge. See in this connection *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905); *Jackson v. Miles,* 126 Ga. App. 320, 321 (190 SE2d 565).

5. The trial judge gave the following request to charge: "If you find from the evidence in this case that the plaintiff was not in the exercise of ordinary care for his own safety, and taking into consideration all the facts and circumstances surrounding the occurrence complained of, and that such failure to exercise ordinary care on the part of the plaintiff was the sole proximate cause of the occurrence complained of, the plaintiff would not be entitled to recover and it would be your duty to return a verdict in favor of the defendants." This was a correct and appropriate charge of the law and this charge was not error because of the alleged failure of the trial judge to subsequently charge there was a duty on the defendant driver to exercise ordinary care. Further, it does not appear that any objection was made to this charge under the provisions of Section 17 of the Appellate Practice Act as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; Code Ann. § 70-207).

6. There was no error in charging the jury on the law of comparative negligence as there was evidence sufficient to show that both drivers were negligent.

*Judgment reversed. Quillian, J., concurs. Eberhardt, P. J., concurs in the judgment.*

SUBMITTED APRIL 4, 1974 — DECIDED JULY 12, 1974.

*Grubbs & Platt, J. M. Grubbs, Adele Platt,* for appellants.

*Downey, Cleveland & Moore, John H. Moore, Lynn A. Downey,* for appellees.