50129. ZAYRE OF GEORGIA, INC. v. HAYNES et al.

DEEN, Presiding Judge.

1. The defendant appeals from a plaintiff's verdict. The evidence in the case was substantially as follows: Thelma Haynes, a customer, was proceeding down a narrow aisle between counters piled high with merchandise toward a check-out counter when she was signaled by an employee to come to another counter. As she turned to do so her foot caught on a box of merchandise of the same color as the floor, which was either partly or wholly in the aisle, and which had been placed there by an employee who had been in the process of unloading it when called away. Under similar circumstances, although the obstruction is not concealed, it has been held to be a jury question as to whether the proximate cause was negligence of the plaintiff or the defendant. *Gray v. Delta Air Lines,* 127 Ga. App. 45 (192 SE2d 521); *Jackson Atlantic v. Wright,* 129 Ga. App. 857 (201 SE2d 634); *Burger Barn v. Young,* 131 Ga. App. 828, 830 (207 SE2d 234).

2. An instruction on the theory of accident is not applicable where nothing indicates that the injury was due to unavoidable accident, and the facts proved present a question of whether the plaintiff's negligence or the defendant's, or some combination of the two, was the proximate cause. *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834). Although the definition of *accident* in Code § 102-103 ("that [which] takes place without one's foresight or expectation. . . or begins to exist without design") is somewhat ambiguous, in that it may also be said of lack of ordinary care that it does not exist by reason of foresight or design, yet the distinction has often been clearly stated in the cases as something which would not have been precluded by the exercise of ordinary care on the part of either plaintiff or defendant. It may be an "act of God" (*Central Ga. Elec. Membership Corp. v. Heath,* 60 Ga. App. 649 (4 SE2d 700)), or a pure casualty which exists without fault or carelessness on the part of either party. *Massey v. Ga. Power Co.,* 85 Ga. App. 593 (69 SE2d 824). The event may be an accident as to the parties where, as in *Cobb v. Big Apple Supermarket of Columbus,* 106 Ga. App. 790 (128 SE2d 536) any negligence involved was attributable either to one not party to the suit or to one too young to be legally chargeable therewith. In other cases, where the question truly lies between the alleged culpability of one party and the alleged failure to avoid on the part of the other, inevitable accident is not involved. *Davenport v. Little,* 132 Ga. App. 391 (208 SE2d 179); *Gurin v. Harris,* 129 Ga. App. 561 (200 SE2d 368) and cit. The court did not err in refusing a requested instruction on inevitable accident.

3. That portion of the charge complained of in the remaining enumeration of error has been many times approved. *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519); *Arnold Services v. Sullins,* 110 Ga. App. 19 (137 SE2d 727); *Robertson v. Jackson,* 123 Ga App. 623 (181 SE2d 905); *D. G. Machinery &c. Co. v. Hardy,* 118 Ga. App. 45 (162 SE2d 852); *Petroleum Carriers Corp. v. Boyd,* 126 Ga. App. 391 (190 SE2d 837); *Cagle v. Atchley,* 127 Ga. App. 668 (194 SE2d 598); *Stephens v. McClain,* 129 Ga. App. 634 (200 SE2d 511).

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED
FEBRUARY 17, 1975.

*Flournoy & Still, Richard H. Still,* for appellant.
*Grubbs, Platt & Kearns, Adele Platt, J.M. Grubbs, Jr.,* for appellees.