## 51722. ROTHROCK v. MARTIN.

STOLZ, Judge.

The plaintiff appeals from a jury verdict for the defendant in his damage suit for personal injuries and property damage.

Prior to the collision, the plaintiff was driving his automobile, to which there was attached a 14-foot flatbed trailer loaded with diving equipment, north on U. S. Highway 41 at approximately 11:00 p.m. The highway was divided into four lanes with a grass median separating the northbound and southbound lanes. Northbound traffic caused the plaintiff to move his vehicle to the right. As he did so, the rear wheel of the trailer left the paved portion of highway, causing the plaintiff to lose control of his vehicle. When brought to rest, the plaintiff's car and trailer blocked the left northbound lane traffic and a portion of the right northbound traffic lane. Before the plaintiff could remove his vehicle, the defendant's vehicle came over the crest of a hill in the right northbound traffic lane and struck the plaintiff's automobile.

The record reveals that on the night in question it was raining and the road was wet. The collision occurred approximately 300 feet north of a hill crest. The defendant admitted to operating his car 50 m.p.h., but said he could have been going "a mile or two" more than 50. The defendant did not see any lights from any vehicles ahead of him prior to the collision and only saw the plaintiff's car when it was illuminated by his low beam headlights, which he estimated would extend six car lengths ahead.

1. The plaintiff's first enumeration of error goes to the trial judge's charging the jury on the law of accident. This defense was not made in the pleadings or requested

by the defendant. Apparently, the trial judge felt that the charge was demanded by the evidence. Applying the facts set forth to former Code Ann. § 68-1626 (a), (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577) (which was applicable on the date of the collision) and Code Ann. § 68-1713 (b) (Ga. L. 1953, Nov. Sess., pp. 556, 608; 1955, Extra Sess., p. 25) we believe the trial judge erred. In so doing, he gave the defendant the benefit of a defense to which he was not entitled. See *Zayre of Ga. v. Haynes,* 134 Ga. App. 15, 16 (2) (213 SE2d 163); *Davenport v. Little,* 132 Ga. App. 391, 392 (2) (208 SE2d 179); *Gurin v. Harris,* 129 Ga. App. 561, 562 (1) (200 SE2d 368) and cits.

2. The plaintiff's third enumeration assigns error on the trial judge's refusal to give the plaintiff's requests to charge Nos. 9 and 20. The former is a charge which was specifically approved by this court in *Huckabee v. Grace,* 48 Ga. App. 621 (10) (173 SE 744) and *Cagle v. Atchley,* 127 Ga. App. 668, 675 (6) (194 SE2d 598); the latter request is a direct quote from the oft cited case of *O'Dowd v. Newnham,* 13 Ga. App. 220, 228 (3) (80 SE 36). The giving of either would have been sufficient. The refusal of both was error.

3. The plaintiff's remaining enumerations of error are without merit.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 8, 1976.

*Grubbs & Platt, Adele Platt,* for appellant.

*Cullens, Neely, Freeman & Hawkins, William T. Elsey, J. R. Cullens,* for appellee.