## 58152. STANFIELD v. SMITH et al.

BANKE, Judge.

This is a wrongful death action initiated by the appellant to recover damages for the death of her 17-year-old son, who was killed when a pick-up truck he was driving collided with a truck driven by appellee Curtis Smith and owned by appellee Coastal Boilers, Inc. The evidence at trial was very much in conflict. The appellant contended that her son was hit from the rear, while the appellees contended that the collision was head-on. The jury returned a verdict for the appellees, and this appeal followed from the denial of the appellant's motion for new trial. *Held:*

1. The court did not err in charging the jury on the theory of accident. Although we cannot agree with the appellees that the issue of accident was set forth in the pleadings (the appellees consistently alleged in their amended answer that the collision resulted from the decedent's negligence), there was some evidence at trial from which the jury could have concluded that neither party was at fault. "In searching the record to find whether or not there was evidence authorizing the charge on the law relative to accident, we must keep in mind that: 'To warrant the court in charging the jury on a given topic, . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence.' " *Cobb v. Big Apple &c., Inc.,* 106 Ga. App. 790, 792 (128 SE2d 536) (1962). The jury in this case heard testimony to the effect that the sun was shining over appellee Smith's shoulder at the time of the collision and that the decedent was traveling in the opposite direction. Therefore, they may have concluded that the sun was shining directly into the decedent's eyes and that this caused a temporary blindness which led to the collision without fault on his part. Although such a conclusion was certainly not demanded by the evidence, we cannot say as a matter of law that it was unauthorized.

2. It is contended that the court committed reversible error in charging the jury that the appellant

could not recover "unless negligence is proved against the defendants *as alleged in the petition."* (Emphasis supplied.) There was evidence at trial of several acts of negligence by the appellee which had not been alleged in the complaint. Therefore, any attempt to limit the jury's consideration to the specific allegations raised in the complaint would have been improper. See generally *Johnson v. Myers,* 118 Ga. App. 733, 776 (165 SE2d 739) (1968); *O'Quinn v. James,* 127 Ga. App. 94, 95 (1) (192 SE2d 507) (1972). However, we do not believe that the charge could reasonably have been interpreted in such a manner when considered in its entirety. In fact, most of the additional acts of negligence not raised in the complaint but placed in issue at trial were the subject of specific individual jury instructions. This enumeration of error is without merit.

3. We find no harm in the court's refusal to charge the provisions of Code Ann. § 68A-804, which gives local governments the authority to reduce the state speed on state highways below the normal 55 miles per hour where a determination is made that conditions warrant such a reduction. It is highly unlikely either that a reasonable juror would question that local authorities have such power or that the issue contributed to the verdict one way or the other.

4. The fourth enumeration of error is deemed abandoned for failure to provide argument or citation of authority in support thereof. See Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)).

5. The final enumeration of error is directed towards the exclusion of a deposition which the appellant offered as evidence for the purpose of establishing the mechanical condition of the vehicle which the decedent was driving. The deponent was the owner of the vehicle. Since being deposed he had moved; however, there was no competent evidence showing where he resided at the time of trial or indicating that the appellant had made any effort to locate him.

Code Ann. § 81A-132 (a) (3) provides for the use of a deposition as evidence at trial under certain specified circumstances, all of which deal with the witness's unavailability to testify. Since the appellant failed to

establish where the witness resided and failed to show that any effort had been made to locate him, the trial court did not err in finding that his unavailability had not been established and in refusing to admit the deposition under the above Code section. See *Building Assoc., Inc. v. Crider,* 141 Ga. App. 825 (6) (234 SE2d 666) (1977).

*Judgment affirmed. Deen, C. J., Quillian, P. J., Shulman, Birdsong and Underwood, JJ., concur. McMurray, P. J., Smith and Carley, JJ., dissent.*

SUBMITTED JULY 11, 1979 — DECIDED OCTOBER 24, 1979 —

*Richard D. Phillips,* for appellant.
*James M. Thomas, Francis Stubbs,* for appellees.

McMURRAY, Presiding Judge, dissenting.

In this wrongful death case I concur fully with the majority opinion finding no error in its consideration of the alleged errors in Divisions 2, 3, 4 and 5. However, I cannot agree that the trial court was authorized to charge the jury on the theory of accident.

Plaintiff's decedent was naturally unavailable to testify as to how the collision of the motor vehicles occurred. The petition alleged that the collision occurred when the defendant driver of a tractor-trailer (operated by the driver in the course of the owner's business) approached the vehicle (pickup) driven by the decedent "at a high rate of speed and struck said pickup in the rear." The defendants denied that the collision occurred in this manner but averred that the decedent was guilty of negligence in entering a highway without yielding the right-of-way to all vehicles approaching on the roadway. By amendment defendants contend the collision was unavoidable "insofar as the defendants are concerned" as the defendant driver could not by the exercise of ordinary care avoid the negligent acts of the decedent who created a perilous situation and proximately caused the collision in question, and "insofar as the defendants are concerned, the collision in question was an unavoidable accident." During the trial the defendant driver testified that as he

was driving north on a state highway approaching the scene where the wreck occurred, he observed the pickup truck leaving a house on the right side of the highway "coming towards the highway," and "it was about half way 'twixt the house and the highway when I first seen it moving this way," that he pulled his airhorn, "stomped my brakes," and by that time "he was out on the road, coming down the road on my side, on the right hand side of the road." That he did pull to the left to try to miss him but the collision just happened so quick he did not have time to do anything further. He further testified that the day was not cloudy but a clear, bright and sunny day and the collision occurred about 6 o'clock. To a question as to where the sun was shining, that is "[o]ver your shoulder," his answer was: "Yes sir. From my back." He further testified that at no time when he sounded his horn did the pickup truck make any effort to stop its movement. Other testimony discloses that the road into the state highway was an unpaved public roadway.

At no time have the defendants claimed this was an accident, that is, that neither party was negligent. Defendants clearly contend they were not negligent, although they do claim the collision was unavoidable "insofar as defendants are concerned."

The proper use of the term "accident" excludes negligence, that is, without fault or carelessness or want of proper circumspection of the person affected or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which the person was placed. See Code § 102-103. *Richter v. Atlantic Co.,* 65 Ga. App. 605, 608 (16 SE2d 259); *Morrow v. Southeastern Stages Inc.,* 68 Ga. App. 142, 146 (22 SE2d 336); *Brewer v. Gittings,* 102 Ga. App. 367, 376 (116 SE2d 500); *Cartey v. Smith,* 105 Ga. App. 809, 812 (125 SE2d 723); *Ware v. Alston,* 112 Ga. App. 627, 631-632 (2) (145 SE2d 721).

Neither the defendants' answer nor any of the evidence present a case of an accident or any question of accident. Plaintiff had to establish her case by the use of circumstances and the use of a reconstruction expert as to what occurred. The defendants contend that they were in no way negligent, and the collision resulted from the

decedent's own reckless misconduct and negligence in creating an emergency situation in entering a highway without yielding the right-of-way, leaving them with insufficient time to avoid a collision with the vehicle operated by the decedent. Defendants do allege, however, that "insofar as the defendants are concerned the collision in question was an unavoidable accident." As the majority does state, there was some testimony that the defendant driver was proceeding in a northerly direction with the sun shining over his shoulder. The majority infers that the jury "may have concluded that the sun was shining directly into the decedent's eyes and that this caused a temporary blindness which led to the collision without fault on his part." This is simply an inference of the majority, and the evidence was insufficient for the jury to so infer from the evidence submitted by the defendant driver that he was proceeding in a northerly direction along the highway when plaintiff's decedent entered the highway from his right, that is, the right side of the road and almost immediately the collision occurred.

In my opinion "the evidence plainly shows that the injuries of the [decedent] were due either exclusively to his own negligence, or solely to the negligence of the defendant [driver], or to the negligence of both the [decedent] and the defendant [driver]." *Everett v. Clegg,* 213 Ga. 168, 171 (97 SE2d 689). In *Everett v. Clegg,* supra, the Supreme Court held that where the evidence plainly shows as above "it is error for the court to charge the law of accident," citing *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (1), supra; *Toles v. Hair,* 83 Ga. App. 144 (2) (63 SE2d 3); and *Bush v. Skelton,* 91 Ga. App. 83 (84 SE2d 835). The court there stated: "The injection by the court of the theory of accident as a cause of the two vehicles colliding was calculated to detract the attention of the jury from the real issue in the case, and was reversible error. *Morrow v. Southeastern Stages,* supra." I cannot agree under any circumstances that the trial court was authorized by either the pleadings or the evidence to instruct the jury that if you should find, from the evidence in this case, "that neither decedent nor the defendants were guilty of negligence, then any injuries or damages would be the result of an accident." The trial court did

then correctly charge the meaning of accident, that is, "an injury which occurs without being caused by the negligence either of the decedent or of the defendants" and added that the idea of accident excludes responsibility for the cause of the injuries, adding that if the jury found from the preponderance of the evidence that the decedent's death was caused by accident, that is, "occurred without any lack of ordinary care and diligence on the part of the decedent or the defendants, then the plaintiff could not recover damages." The evidence here simply did not authorize such a charge on accident inasmuch as I do not consider the defendant's answer as raising an affirmative defense of accident, and plaintiff's evidence, as shown, was that the collision was "the fault of the defendants," whereas the evidence presented by the defendants was that it was the fault of the plaintiff's decedent. This was indeed no accident. Somebody was at fault, both defendant driver and the plaintiff's decedent, or one, or the other.

Under the case of *Everett v. Clegg,* 213 Ga. 168, 171, supra, this portion of the charge on "accident" as given in the case sub judice was reversible error. See also in this connection *Davenport v. Little,* 132 Ga. App. 391, 393 (208 SE2d 179); *Ault v. Whittemore,* 73 Ga. App. 10, 15 (4) (35 SE2d 526) and 73 Ga. App. 16, 18 (3) (35 SE2d 530); *Atlantic Coast Line R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834); *Henson v. Putnam,* 123 Ga. App. 254 (180 SE2d 269); *Sheppard v. Sheppard,* 114 Ga. App. 451 (151 SE2d 883). This was not a case in which the defendant was contending that he could not be guilty of negligence by reason of an accident.

This was not a case of a pure casualty which exists without fault or carelessness on the part of either party. *Massey v. Ga. Power Co.,* 85 Ga. App. 593, 596 (69 SE2d 824); *Zayre of Ga., Inc. v. Haynes,* 134 Ga. App. 15, 16 (2) (213 SE2d 163); *Gilbert v. Parks,* 140 Ga. App. 550, 552 (4) (231 SE2d 391). The collision certainly was not an "Act of God." See *Central Ga. Elec. Membership Corp. v. Heath,* 60 Ga. App. 649, 652 (4 SE2d 700).

It simply cannot be said that the collision was unavoidable or inevitable. Someone was guilty of negligence.

I therefore respectfully dissent.

I am authorized to state that Judge Smith and Judge Carley join in this dissent.