JONES v. COLUMBIA BAKING CO.
No. 13591.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1951.

Julian B. Willingham, Augusta, Ga., for appellant.

Chester Bedell, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The appellee brought this action against appellant to recover damages sustained as the result of a collision at a grade crossing in Florida between a tractor and trailer belonging to appellee and a train operated by employees of appellant, which employees are alleged to have negligently operated the train. The appellant denied the alleged negligent operation of the train, and averred that the collision was caused by the negligence of the appellee's driver in ignoring the warnings given him by appellant of the approaching train, and that the negligence of appellee's driver was the sole cause of the collision. It was further pled that the truck driver was guilty of contributory negligence.

The railroad crossing is within the city limits of Madison, Florida, where the track intersects a state highway at an oblique angle, so that a person approaching the track from the east would, as he came near the track, have to look over his right shoulder to see up the track to the north. The crossing was not protected by any mechanical devices such as lights, bells, or gates. Though vision at this intersection was partially obstructed by buildings near the track, testimony and pictures were offered to show that the track to the north could be seen between the buildings at a point approximately 250 to 300 feet from the track. The appellee's driver knew of the existence of the railroad track, and knew that trains were operated thereon.

While we consider the evidence sufficient to support a verdict for the plaintiff, we think that it is not fairly possible to reach a conclusion other than that the driver of the truck did not exercise due care in approaching the crossing. Nothing was deducted from the verdict on account of the plaintiff's contributory negligence, which was at least equal to the negligence of the defendant. Therefore, under the Florida law, the amount awarded should be reduced by one-half on account of plaintiff's contributory negligence. The costs of this appeal should also be equally divided. Germak v. Florida East Coast Ry. Co., 95 Fla. 991, 117 So. 391; Atlantic Coast Line R. Co. v. Price, Fla., 46 So.2d 481; Sections 768.05 and 768.06 of Florida Statutes, F.S.A.

An order will be entered in this court modifying the judgment accordingly. As so modified, the judgment will be affirmed, the costs of this appeal to be equally divided between the parties.