UNITED STATES v. MARYLAND CAS.
CO. et al.
No. 14354.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.

Charles W. Tayler, Attorneys D. of J., George W. Meuth, Washington, D. C., John D. Hill, U. S. Atty., Wm. L. Hogue, Asst. U. S. Atty., Birmingham, Ala., for appellant. Warren E. Burger, Asst. Atty. Gen., Claims Division, Marvin C. Taylor, Chief, Frauds Section, Claims Division, Washington, D. C., of counsel.

H. H. Grooms, Geo. W. Yancey and Reid B. Barnes, Birmingham, Ala., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Joining in the one suit the three surety companies, appellant here, plaintiff below, brought this suit to recover on six bonds, four of them performance, and two of them fidelity, bonds.

The four performance bonds, executed by Cecil Gardner as principal and Maryland Casualty Company as surety, insured the performance by Gardner of two contracts, one to supply gas to the Sylacauga, Alabama Housing Authority the other to supply it to the Childersburg, Alabama Authority.

Of the two fidelity bonds, one issued by the Associated Indemnity Company, insured the fidelity of described but not named employees of the Sylacauga Housing Authority, the other, issued by the U. S. Fidelity & Guaranty Company, insured the fidelity of described but not named employees of the Childersburg Housing Authority.

The claim of the suit upon the performance bonds was that the condition of the

bonds was breached by the principal therein in this, that he submitted to one James A. Bushnell, as manager of the two housing projects, claims for gas which was not in fact delivered, and received payments in excess of the true amounts due him for gas actually delivered to the projects.

The claim as to the fidelity bonds was that James A. Bushnell, as manager of the two projects, had obtained the payment of various fictitious and fraudulent claims by said Gardner for gas which was pretended to have been, but was not in fact furnished to the project.

All the defendants filed motions to dismiss for failure of the complaint to state a claim, and, these motions denied, they filed full answers denying liability.

Upon the issues thus joined, the case was tried to the district judge without a jury on the evidence offered by plaintiff as shown by the colloquy between the court and plaintiff's counsel, Mr. Hogue, as set out in the note below.[1]

On the record thus made, the district judge filed findings of fact and conclusions of law.[2] One of these conclusions being

---

1. (1) The six bonds.

(2) Over the objection of defendants and with the court ruling reserved, the court file in the case of U. S. v. Cecil Gardner and James Bushnell, No. 5830, in the Southern Division of the Northern District of Alabama, "jointly and in a series separately and severally, consisting of the summons and complaint in that case, the answers of the defendants Gardner and Bushnell, the findings of fact and conclusion of law, the judgment of the court and the execution issued on the judgment with its return of 'no property found'". To these defendants objected and the court reserved its ruling.

Thereafter Mr. Hogue stated to the court:

"I wondered if you thought to bring that issue up something else was needed. I have got the summons and complaint, the answer and the findings and judgment.

"The Court: Nothing except the transcript of the evidence in the case if you have it. I don't think you do.

"Mr. Hogue: No Sir. If I had it, I haven't been able to find it. That's all, your Honor.

"The Court: Is that your case, Mr. Hogue?

"Mr. Hogue: Yes Sir.

"The Court: Well I assume that the defendants will rest too or would if they found out what I was going to do on my ruling about the objections. Do you have anything to offer, assuming that I will let the record stand not with the reservation of my ruling. A. No.

"Mr. Barnes to Mr. Hogue: Did you offer the contracts of Gardner in evidence?

"Mr. Hogue: Not except in the findings."

Whereupon the defendants declared that they had no evidence to offer.

2. As material here, they are:

On the trial the plaintiff offered in evidence in support of the respective causes of action set out in the complaint, the court file, and separately offered the complaint, other pleadings, the findings of fact, conclusions of law and the judgment, in that certain civil action in this court, No. 5830 in the Southern Division of this Court, entitled United States v. Gardner, 73 F.Supp. 644, bottomed on a penal statute as therein stated.

Each of the three defendants in this action separately and severally objected to the introduction of the proffered evidence and separately to each portion of the record offered. The Court stated that it was unnecessary to assign specific grounds of objection.

The judgment in said action was rendered by this Court on July 9, 1947, in favor of the plaintiff and against each of said individual defendants. None of the defendants to this action was a party to said action. There was no evidence whatsoever that any of the defendants herein had any notice of the filing, pendency, or conclusion of said action, prior to the entry of final judgment, and this court finds that none of these defendants had any notice or knowledge thereof. The evidence in said former action is not a part of the Court file and is not offered as evidence in this action. The plaintiff introduced the bonds but not the five separate contracts covering the five units involved. In the opinion of this court the record offered is not competent evidence against the sureties in this action in proof of the allegations of the complaint. Among other things, the issues are not the same in the two actions. Furthermore, a portion of the loss found by this court to have been suffered by the plaintiff and to be recoverable in the former action occurred prior to the inception of the bonds made the basis of the

that the judgments against Gardner and Bushnell were not under Alabama law admissible against, or in any way binding upon, the sureties, either as conclusive or *prima facie* proof of liability. Another was that if they were admissible in evidence, upon this record they were insufficient to support a judgment against the sureties. Based on these findings and conclusions, judgment was entered for defendants.

Appealing from the judgment, plaintiff filed a motion in the District Court under Fed.Rules Civ.Proc. rule 75(h), 28 U.S.C.A., for correction of the record on appeal to require the Clerk of the District Court to send up as part of the record the transcript of the testimony and exhibits offered in evidence in case No. 5830, and an order was entered granting the motion and requiring the transcript to be sent up.

After the record as thus constituted had reached this court, appellees, on the basis of the record showing that this evidence, had not been offered in the trial, assailed as improvidently and wrongly entered the order sending up the transcript of evidence as part of the record in this case, and moved the district court to rescind its former order.

The District Court sustained this motion and ordered these matters stricken from the record, and now it is appellant which assails the order of the District Court as improvident and wrong, and insists that we must disregard it, as entered without authority, or vacate and set it aside and determine the dispute for ourselves in favor of considering the transcript of the evidence in cause No. 5830 as a part of the record.

We cannot agree with this view. We are, on the contrary, convinced that the first order of the District Court was improvidently entered. The record of the trial in this case, including particularly the colloquy set out in Note 1, supra, makes it plain that the transcript of the evidence in the earlier case, No. 5830, was not offered in evidence in this case and that it is not, and cannot be, considered as a part of the record on this appeal.

With this preliminary matter disposed of, there remains for our determination only whether, upon the record actually made below and actually considered by the District Judge in making his findings and conclusions and entering his judgment, his judgment was rightly entered for the reasons

---

present suit; the court having tried Action No. 5830 is conscious that the date and exact time on which the loss occurred was not important, in that action against the individuals, where as the time of such loss is of vital significance in the present action. The court is unable to allocate the several losses claimed by the plaintiff from the evidence here sought to be introduced. The court is of the opinion that a judgment against said Bushnell and Gardner in the former action is neither res adjudicata nor admissible as evidence against the defendants here sued upon the bonds made the basis of this action. The obligation of each of the bonds is not an indemnification either expressly or impliedly against the rendition of such a judgment against Bushnell or Gardner, and the judgment against said individuals should not, in this Court's opinion, be binding upon the defendants or admissible as evidence to establish liability against them.

Neither of the bonds executed by United States Fidelity and Guaranty Co. and Associated Indemnity Corp. is shown to have been executed by Bushnell and there is no evidence that there was any privity

of contract whatsoever between Bushnell and either of those defendants on the fidelity bonds. The evidence offered does not even show that Bushnell is included within the description in the fidelity bonds of the employees whose acts are indemnified against. He is not named in the bonds as an employee or principal covered thereunder, and it does not appear from any evidence offered that Bushnell was a person filing any of the positions specified, to-wit, Checksigner, Countersigner, or Cashier-Collector. The record in the other action, if admissible, would not constitute sufficient proof that the acts of Bushnell, if fraudulent or dishonest, were within the coverage of the fidelity bonds.

Therefore, the Court finds and rules that the court file in said former action is neither competent nor sufficient evidence to establish liability against the defendants in the present action, and is not admissible as evidence of the asserted liability involved herein. Plaintiff declines to offer any other evidence and accordingly this court finds that plaintiff has failed to establish by proof liability against any of the defendants in this action.

which he gave or other good and sufficient reasons.

A careful consideration of the record and of the law of Alabama convinces us that the judgment appealed from was correctly entered for the reasons stated below, (1) that under the settled law of Alabama the judgments were not admissible in evidence; and (2) that if they were admissible, they were, without more, insufficient to furnish a basis for a judgment against the sureties.

In so holding, we have not failed to give full consideration to appellant's claim that Rule 43(a) and our cases of Lake County, for Use of Baxley v. Massachusetts Bonding & Insurance Co., 5 Cir., 75 F.2d 6; Id., 5 Cir., 84 F.2d 115; and Scholtz, for Use of Barnett Nat. Bank v. Hartford Accident & Indemnity Co., 5 Cir., 88 F.2d 184, are controlling here, both as to the admissibility and the effects of the judgments.

In the light of the Alabama law as the decisions[3] of the Supreme Court of that state declare it, however, we think it clear that what appellant contends for here as to the judgments is not really a matter of procedure. It is a matter of substance. It is not whether the judgments are admissible in evidence, but what is their effect when admitted. This being so, the question as to their admissibility and effect is a matter of substantive law and is controlled by the law as decided in Alabama.

This is made even more clear by a consideration of the language used in Firemen's Insurance Co. v. McMillan, 29 Ala. 147, at pages 167–168 in comparison with that used by us in the Lake County case, supra. In the Firemen's Insurance case, after discussing and declining to follow decisions in other jurisdictions, the court went on to say:

"The true rule is, that a recovery against the principal cannot be used as evidence to charge the surety, except in cases where the contract of the surety can be construed into an undertaking to be bound by the result of legal pro-

ceedings against the principal; and we apprehend, when the judgment is binding on the surety at all, it is conclusive, and not merely prima facie evidence. There is, in our opinion, no middle ground. [McClure v. Colclough] 5 Ala. [65] 69, per Goldthwaite, J. The surety is either a party, or privy, and bound by the judgment; or a stranger, and not bound. In the case before us, he falls within the second category, and the judgment is no evidence to charge him."

In the Lake County case, we held not that the judgments bound the sureties as parties or privies, but that they were admissible as *prima facie* evidence, a position, which, as shown by the language quoted above, the Alabama courts completely reject.

This being the state of the Alabama law, it is quite plain that the District Judge was right in holding that the judgments were without effect against the sureties.

Finally, however, it is equally plain from the record that if they had been admitted they were not sufficient in the state of the evidence to support the judgment sought, and the District Judge was right in saying that the case failed for want of the necessary proof that the condition of the bonds sued on had been breached and the extent and consequences thereof.

Since these considerations are sufficient to affirm the judgment, we pass without discussion the contention of Maryland Casualty Company that, since its bonds were performance bonds, the frauds charged against Gardner were not within their coverage, other than to say that, considered either as a part of the whole defense to plaintiff's claim or as an independent defense in itself, it certainly cannot be brushed aside as wholly wanting in merit. Indeed, it tends strongly to support the other reasons given above for affirmance.

The judgment was right. It is

Affirmed.

3. Firemen's Ins. Co. v. McMillan, 29 Ala. 47; Arrington v. Porter, 47 Ala. 714; Fidelity & Deposit Co. v. Robertson, 136 Ala. 379, 34 So. 933; Interstate Electric Co. v. Fidelity & Deposit Co., 228 Ala. 210, 153 So. 427.