36755. ROYAL CAB COMPANY, INC. *v.* HENDRIX.

DECIDED JUNE 11, 1957.

*John W. Sognier, Kennedy & Sognier*, for plaintiff in error.

*Luhr G. C. Beckmann, Jr., Hitch, Miller & Beckmann*, contra.

QUILLIAN, J. ■ Special ground 1 of the amended motion for a new trial assigns as error the following charge: "A valid existing ordinance of the City of Savannah, contained in Grayson's Code of Savannah, Section 59—130, provides that all vehicles carrying United States mail, and police and fire department vehicles, and ambulances and physicians when responding to emergency calls shall have the right of way over all other vehicles, however, this ordinance does not permit an ambulance, even when on emergency call, to disregard a traffic control signal and to run through a red light. It is negligence per se, or negligence as a matter of law, for an ambulance even on an emergency call to fail to stop at a traffic control light when the color is red."

The plaintiff insists this charge was not correct as an abstract principle of law. With this contention we agree. Prior to the passage of the Uniform Act Regulating Traffic on the highways in the absence of any specific ordinance exempting an ambulance driver from obeying traffic signal lights it was negligence per se for an ambulance, even on an emergency call, to fail to stop at a traffic control light when it was red. *Tribble* v. *Ga. Power Co.*, 91 *Ga. App.* 528 (86 S. E. 2d 355). However, Code (Ann.) § 68-1604 (a) reads: "Authorized emergency vehicles.—(a) The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon

returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein stated. (b) The driver of an authorized emergency vehicle may: . . . 2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation."

The trial judge erred in instructing the jury that it was negligence per se for an ambulance, even on an emergency call, to fail to stop at a traffic control light when the color was red.

■ Special ground 2 complains that the trial judge erred in charging on the theory of accident. "In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed." Black's Law Dictionary, p. 23.

In the present case it is clear from the evidence that the damage was caused by the negligence of the defendant or the ambulance driver, or both. The doctrine or defense of "accident" was neither pleaded as a defense nor raised as an issue by the evidence and the trial judge erred in instructing the jury on this doctrine. *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142 (22 S. E. 2d 336) ; *Bush* v. *Skelton,* 91 *Ga. App.* 83 (84 S. E. 2d 835) ; *Riggs* v. *Watson,* 77 *Ga. App.* 62 (47 S. E. 2d 900).

■ Special ground 3 complains that the trial judge erred in instructing the jury as follows: "There is no negligence charged on the part of the plaintiff, the sole question is whether the damages suffered by the plaintiff were caused by the negligence of the defendant or the negligence of the ambulance driver, that is actually the question involved." The plaintiff insists that the charge was error because it eliminated from consideration by the jury the question that the plaintiff's damage could have been caused by concurrent negligence of the two parties. We concur with the plaintiff in this contention. There was evidence from which the jury would have been authorized to find that the negligence of both the defendant and the ambulance driver concurred to cause the plaintiff's damage. Therefore, the trial judge erred in eliminating this theory from the jury's consideration. *Harri-*

*son* v. *League*, 93 *Ga. App.* 718 (92 S. E. 2d 595) ; *Kelly* v. *Locke*, 186 *Ga.* 620 (198 S. E. 754).

■ Special ground 4 assigned as error the court's omitting without request, to charge the provisions of Code sections relating to the duty of the driver of an emergency vehicle in approaching a crossing and passing over the same counter to the traffic control signal, that is, against the red light shown by such signal.

In view of what has been held in division 1 of this opinion it is not necessary to pass on this ground.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*