**B. S. WILLITT and Drew Rowe, Appellants,**

v.

**Mrs. Georgeanna PURVIS, Appellee.**

**No. 17922.**

United States Court of Appeals Fifth Circuit.

March 14, 1960.

Ed G. Barham, Valdosta, Ga., Murphey Rogers, Ocilla, Ga., Eberhardt, Franklin, Barham & Coleman, Valdosta, Ga., for appellants.

James M. Roberts and T. J. Long, Atlanta, Ga., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

A truck belonging to the appellant, B. S. Willitt, and operated by the appellant, Drew Rowe, struck and killed Ralph Charles Purvis, husband of Mrs. Georgeanna Purvis, the appellee, at a highway intersection in Georgia. Mrs. Purvis, alleging that her husband's death resulted from the negligent operation of the truck, brought suit against Willitt and Rowe for the full value of her husband's life which she stated to be $50,000. The appellants, Willitt and Rowe, denied negligence on their part and pleaded that the negligence of Purvis was the cause of his death. The cause was tried before court and jury. On cross-examination, Mrs. Purvis testified that she and her husband were, at the time of and for a year and a half before his death, separated and he had been making no contributions for her support during that time. There was evidence as to how the injury resulting in the death of Purvis occurred which was sufficient to support a finding of negligence in the operation of the truck. The jury returned a verdict for Mrs. Purvis in the amount of $1,750.

Mrs. Purvis filed a motion for a new trial asserting that the verdict was grossly inadequate. The court granted the motion and in the order recited, among other things prejudicial to Mrs. Purvis, the admission of evidence beyond proper limits as to her separation from her husband. Upon the second trial the evidence as to the manner of the fatal injury to the appellee's husband was substantially the same as on the first trial. The appellants offered to prove that Mrs. Purvis and her husband had been separated for more than a year, that he had made no contributions to the support of his wife or their four children during that period, that she had consulted an attorney about procuring a divorce and had so advised her husband. Objection being made, the court declined to admit

the evidence. The jury returned a verdict for $10,000. Judgment was entered on the verdict. A motion for a new trial was made and overruled. This appeal followed. The appellants' principal contentions are that the motion for a new trial following the $1,750 verdict should not have been granted and that verdict should be reinstated and judgment entered thereon; that the evidence of the separation of the appellee and her husband and his failure to contribute support to her and their children and her contemplation of a divorce was improperly excluded; and that the court erred in refusing the appellants a requested instruction on unavoidable accident.

■ The Georgia statute provides a right of action in situations such as this. It is provided:

"A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." Ga.Code Ann. § 105–1302.

The statute defines "full value" by saying:

"The full value of the life of the decedent, as shown by the evidence, is the full value of the life of the decedent without deduction for necessary or other personal expenses of the decedent had he lived." Ga. Code Ann. § 105–1308.

In the earliest of the cases on the admissibility of evidence as to the actual support furnished by a husband to his wife and children prior to his death, the court refused to permit a defendant to prove that the plaintiff widow was receiving no support from a convict husband. The Supreme Court of Georgia sustained the ruling, saying:

"[T]he plaintiff was entitled to recover the gross value of her husband's life, without regard to whether she had previously received anything from him or not, and without regard to what his personal expenses may have been. * * *"

Boswell v. Barnhart, 96 Ga. 521, 23 S.E. 414, 415.

Citing this case, the Georgia Court subsequently held that the fact that a husband and wife were separated and living apart at the time he was killed would neither prevent a recovery nor have a bearing on the measure of damages. Central of Georgia Railway Company v. Bond, 111 Ga. 13, 36 S.E. 299. And see Central of Georgia Railway Co. v. Prior, 142 Ga. 536, 83 S.E. 117; Dunbar v. Charleston & Western Carolina Railway Co., C.C., 186 F. 175. The appellants tell us that the Boswell case and the Bond case are not well considered and that we should not follow them. We do not disagree with the principles stated in these decisions. But whether or not we agree with these decisions, they furnish the construction of the applicable state statute by the highest appellate court of the state and are binding upon us.

■ The appellants have urged that the admissibility of the evidence as to the separation of the wife from her husband at the time of his fatal injury and of his failure to support his family should be determined by federal law rather than by the law of Georgia. In discussing the Erie-Tompkins rule [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], the Supreme Court has said:

"In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. [of New York] v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079.

As in United States v. Maryland Casualty Co., 5 Cir., 1953, 204 F.2d 912, what the appellants here contend for is not a matter of procedure; it is a matter of substance. Questions as to liability for negligence and the rules for measuring

damages in negligence actions are substantive in character and are in the realm of state law in diversity actions. 35 C. J.S. Federal Courts § 189, p. 1281 et seq. Cf. Jones v. Columbia Baking Co., 5 Cir., 1951, 192 F.2d 127. The Georgia rule that failure to support is not to be considered as diminishing damages in an action for the wrongful death of a husband and father is a rule of law relating to the measure of damages and as such is to be applied by the Federal Courts. The exclusion of evidence as to the failure to support results from the application of the general rule that irrelevant evidence is not admissible. This is the law of Georgia. Turner v. Warren, 193 Ga. 455, 18 S.E.2d 865; Hodges v. Ocean Accident & Guarantee Corporation, 66 Ga.App. 431, 18 S.E.2d 28, certiorari denied 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763. The rule prevails in the Federal Courts. Bird v. United States, 180 U.S. 356, 21 S.Ct. 403, 45 L.Ed. 570. The evidence was properly excluded and it would have been error, under the rules applicable in federal procedure as well as under the laws of Georgia, to admit it.

The appellants requested charges that if the injury was not proximately caused by negligence of either party it would be an accident, and there could be no recovery. The refusal to give the instruction is assigned as error. The complaint charged negligence of the appellants and the answer asserted contributory negligence of the appellee's husband. The facts would permit of no finding except that the fatal injury to appellee's husband was caused by his negligence, or by the negligence of the appellants, or by the negligence of both. In such a case an instruction on the law of accident, under the law of Georgia, would be erroneous. Everett v. Clegg, 213 Ga. 168, 97 S.E.2d 689; Royal Cab Co. v. Hendrix, 96 Ga.App. 44, 99 S.E.2d 355.

We will not be detained long by the remaining assignment of error made by the appellants by which it is urged that the new trial was erroneously granted and that the verdict at the first trial should be reinstated and judgment entered thereon. In few, if any, situations is the discretion of a trial judge broader than in granting a new trial. A district judge "may grant a new trial if he thinks he has committed error; and he may grant one (and he alone can) because he thinks the verdict is wrong, though supported by some evidence. The exercise of his discretion is not ordinarily reviewable on appeal, though a failure to exercise discretion, or an abuse of it, may be corrected." Marsh v. Illinois Central Railway Co., 5 Cir., 1949, 175 F.2d 498, 500. There was no abuse of that discretion in this case. Not only is this so but the court having admitted irrelevant and prejudicial evidence was under a duty to grant a new trial.

The judgment under review is

Affirmed.