Mert STEWART, Appellant,

v.

TEXAS AND PACIFIC RAILWAY COM-PANY, Appellee.

No. 18167.

United States Court of Appeals
Fifth Circuit.
May 23, 1960.

John D. Raffaelli, Texarkana, Tex., Charles E. Thompson, Atlanta, Tex., for appellant.

Otto Atchley, Texarkana, Tex., Atchley, Russell & Hutchinson, Texarkana, Tex., for appellee, Texas and Pacific Railway Co.

Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.

RIVES, Chief Judge.

This appeal is from a judgment overruling the motion of the plaintiff below for a new trial. The action was under the Federal Employer's Liability Act[1] for personal injuries received by the plaintiff while an employee of the defendant.

Plaintiff alleged that, while scooping gravel from between ties of the defendant's railroad tracks, he injured his back when he struck with his scoop a hidden stake which had previously been driven into the ground and covered with gravel by other employees of the defendant. Plaintiff alleged that he was treated for his injuries for over a year, and thereafter an operation was performed on his back, but that he had obtained no relief, and that he was totally and permanently disabled.

The defendant denied that the plaintiff's scoop struck the stake with such force as to disable him, and affirmatively alleged that his incapacity, if any, was due solely to some incident outside his work for the defendant, or to some congenital condition. Defendant further alleged unavoidable accident and negligence on the part of the plaintiff.

The jury's verdict was for the defendant.

On voir dire examination, in selecting the jury on October 19, 1959, one of the jurors, Mrs. Bartow Tidwell Palmore, stated she was a friend of Bun Hutchinson, one of the attorneys actively participating in the trial in behalf of the defendant, and that she and Mr. Hutchinson visited in each others' homes. However, she denied that she would be influenced or prejudiced by such friendship, and stated that she could return a fair and impartial verdict. No challenge for cause was made at that time, but juror Palmore's name was struck from the jury list by the plaintiff by a peremptory challenge.

One week later, October 26, 1959, Mrs. Bartow Tidwell Palmore was again on the jury panel for the next case on the docket. In that case, too, Mr. Hutchinson was attorney for one of the parties. On that day on voir dire examination, juror Palmore stated words to the effect that, in view of her friendship with Mr. Hutchinson, there was some doubt in her mind as to whether she could be an impartial juror in a case in which Mr. Hutchinson represented one of the parties, and she was thereupon excused by the court.

Plaintiff filed a motion for a new trial in which he averred that he had, through no fault of his own, been forced to exercise one of his peremptory challenges on juror Palmore when she was really disqualified for cause; that the plaintiff had exhausted all three of his peremptory challenges; that had juror Palmore been excused for cause the plaintiff would have struck the name of Carr Denman from the jury list.[2]

With defendant's answer to plaintiff's motion for new trial, it filed an affidavit of Mrs. Bartow Tidwell Palmore, the alleged objectionable juror, in which juror Palmore explained that she had not had an opportunity to fully explain the circumstances surrounding her voir dire examination in the case of Williams v. Southwestern Power Electric Company. In her affidavit, juror Palmore stated that she actually meant that her friendship and acquaintance with Mr. Hutchinson might unconsciously affect her decision and verdict without her being aware of it. She stated further that she did not intend to convey to the examining attorney the idea that she would consciously allow her friendship for Mr. Hutchinson to affect her verdict, but that she could not be certain what effect her

---

1. 45 U.S.C.A. § 51 et seq.

2. The affidavit of plaintiff's attorney stated:
   "From our knowledge of the occupations of each of the members of the Jury Panel, and from an investigation we made as to the circumstances surrounding their every day activities, we had received information which made it especially desirable that the plaintiff exercise a preemptory (sic) challenge in striking the name of Mr. Denman from the Jury List."

unconscious mind would have upon her in any given situation. She further stated, in substance, that had she been selected as a juror and had taken an oath to decide the case solely upon the evidence and the law, she would have done so.

The district court expressed its reasons for overruling the plaintiff's motion for new trial as follows:

"The plaintiff's motion for new trial with accompanying affidavits, and the defendant's reply thereto with accompanying affidavit, all having been filed, timely served and presented, and having been duly considered by the Court, the Court is of the opinion and finds from the affidavits and under the applicable rules of civil procedure and the governing decisions that the juror, Mrs. Bartow Palmore, was not disqualified to serve as a juror in this cause and was not subject to peremptory challenge for cause or for favor, or for any other reason; and the Court is therefore of the opinion and finds that plaintiff's motion for new trial should be overruled."

■ The grant or refusal of a motion for new trial is a matter resting in the sound discretion of the trial court, and its action is subject to review only for such clear abuse of discretion as amounts to an error of law.[3]

■ Whether the juror would have been subject to challenge for favor was a question of fact to be determined by the trial court on its consideration of the motion for new trial.[4]

In Reynolds v. United States, 1878, 98 U.S. 145, 156, 157, 25 L.Ed. 244, the Supreme Court discussed the overruling of a challenge for cause based on a previously formed opinion of one of the jurors, as follows:

"It is clear, therefore, that upon the trial of the issue of fact raised by a challenge for such cause the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality. The question thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence. The finding of the trial court upon that issue ought not to be set aside by a reviewing court, unless the error is manifest. No less stringent rules should be applied by the reviewing court in such a case than those which govern in the consideration of motions for new trial because the verdict is against the evidence. * * The case must be one in which it is manifest the law left nothing to the 'conscience or discretion' of the Court. * * *

" * * * Care should, therefore, be taken in the reviewing court not to reverse the ruling below upon such a question of fact, except in a clear case. The affirmative of the issue is upon the challenger."

Clearly, the district court acted within the bounds of its discretion in denying the plaintiff's motion for new trial. Its judgment is therefore

Affirmed.

---

3. Whiteman v. Pitrie, 5 Cir., 1955, 220 F. 2d 914; Phoenix Indemnity Co. v. Girouard, 5 Cir., 1958, 252 F.2d 146.

4. See Title 28 U.S.C.A. § 1870; Cagle v. McQueen, 5 Cir., 1952, 200 F.2d 186.