The trust funds are neither excluded nor exempted property. The district court's decision is AFFIRMED.

**ROUSE CONSTRUCTION, INC.,**
**Plaintiff-Appellee,**

v.

**TRANSAMERICA INSURANCE COMPANY, Defendant-Appellant.**

Nos. 83–8548, 83–8679.

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1985.

John V. Burch, Jon McPhail, Atlanta, Ga., for defendant-appellant.

Rodney C. Jones, Jennifer L. Wheatley, Atlanta, Ga., for plaintiff-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Rouse Construction Company, the general contractor of a construction project in Mississippi, subcontracted the excavation and concrete work on the job to I.P. Sarullo Enterprises, Inc. Pursuant to the requirements of the subcontract, Sarullo obtained from Transamerica Insurance Company a subcontract performance bond running in favor of Rouse. Sarullo soon defaulted on the subcontract. Despite notice from Rouse, Transamerica failed to remedy the default. Rouse therefore completed the

work remaining on the subcontract and demanded payment from Transamerica on the bond. Transamerica again failed to respond.

Rouse filed suit against Sarullo and Transamerica in the United States District Court for the Northern District of Georgia. The court dismissed the complaint for lack of diversity, Rouse and Sarullo each being a Mississippi corporation. Rouse thereafter demanded arbitration against Sarullo under the subcontract in Mississippi and filed this diversity suit against Transamerica in the Northern District of Georgia.[1] Sarullo defaulted in both the arbitration proceedings and the subsequent confirmation suit in a Mississippi state court.[2] Rouse then filed a motion for partial summary judgment[3] in the Georgia district court against Transamerica on the basis of the Mississippi default judgment against Sarullo. Transamerica filed a motion for summary judgment on the premise that Rouse had failed to bring this suit within the time limitation specified in the performance bond. The district court held that the internal contractual limitations period did not bar the suit, that the Mississippi court had personal jurisdiction over Sarullo, that Mississippi law controls the effect of the Sarullo default judgment upon Transamerica, and that Mississippi law holds a surety conclusively bound by a default judgment against its principal.[4] The court therefore denied Transamerica's summary judgment motion but granted Rouse's. The court certified his judgment as final, see Fed.R. Civ.P. 54(b), and Transamerica appealed to this court. We reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion.

The effect of a judgment against a principal in a later suit against the surety is a substantive matter to be determined by state law. *United States v. Maryland Casualty Co.*, 204 F.2d 912, 915 (5th Cir. 1953); *see Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981, are binding precedent in the eleventh circuit until overruled en banc). Thus, Georgia law, including its choice of law rules, determines resolution of this appeal. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Beverly v. Macy*, 702 F.2d 931, 935–36 (11th Cir.1983) (explaining the *Clearfield Trust* exception to this rule); *Coastal Petroleum Co. v. U.S.S. Agri-Chemicals*, 695 F.2d 1314, 1319 (11th Cir. 1983). The issue here is the evidentiary effect of the Mississippi judgment in this suit against Transamerica. Under Georgia law, "[r]ules of evidence, the methods of shifting the burden of proof, and the presumptions arising from a given statement of facts, are matters affecting the remedy or procedure." *Hamilton v. Metropolitan Life Insurance Co.*, 71 Ga.App. 784, 790, 32 S.E.2d 540 (1944); *see Bradbury v. Wainwright*, 718 F.2d 1538, 1540 (11th Cir. 1983) (absent persuasive indication that supreme court would hold otherwise, intermediate state appellate court decisions deemed to reflect valid interpretation of state law). The *lex fori* governs such matters. *Hamilton*, 71 Ga.App. at 790, 32 S.E.2d 540. In a Georgia suit against a

---

1. Transamerica is a California corporation qualified to do business in Georgia.

2. Transamerica received a copy of the arbitration demand. It was further notified of the Mississippi arbitration proceedings by Rouse's complaint in the district court.

3. Rouse sought summary judgment on the issue of principal damages. Its complaint also demanded punitive damages and attorney's fees, but the motion for summary judgment did not concern these claims.

4. We affirm without discussion the district court's decisions on the issues of limitations and the Mississippi court's jurisdiction over Sarullo. The subcontract between Rouse and Sarullo specifies that Mississippi law controls the validity, performance, interpretation and construction of the subcontract. The performance bond incorporates by reference the subcontract. The district court reasoned that the subcontract's choice of law provision applies to the bond as well and that Mississippi law therefore determines the effect of the Sarullo judgment in this suit.

surety by the obligee, evidence of a default judgment against the principal establishes a rebuttable presumption of the principal's liability to the obligee. *Tally v. Atlanta National Real Estate Trust,* 146 Ga.App. 585, 588, 246 S.E.2d 700 (1978), *aff'd,* 243 Ga. 247, 253 S.E.2d 692 (1979); *Escambia Chemical Corp. v. Rocker,* 124 Ga.App. 434, 438–39, 184 S.E.2d 31 (1971). Transamerica contends that Rouse actually owes money to Sarullo. Evidence to support this argument, if credited by the factfinder, would meet the presumption and create a genuine issue of material fact to defeat Rouse's motion for summary judgment.

■ Rouse argues that the full faith and credit clause of the United States Constitution and the statute enacted pursuant to it require a Georgia diversity court to give the Mississippi judgment the same effect that a Mississippi court would give to it. *See* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. The United States Supreme Court rejected this argument in *Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009 (1912). Old Dominion, a New Jersey corporation, filed suit against its two promoters, Bigelow and Lewisohn, for breach of fiduciary duty in converting corporate assets. It sued Bigelow in a Massachusetts state court and Lewisohn in a New York federal court. Lewisohn received a judgment in his favor in the New York federal court. Bigelow then pleaded the New York judgment as a bar to the suit against him.[5] The Massachusetts court acknowledged that New York law would rec-ognize the Lewisohn judgment as barring suit against Bigelow but decided that the full faith and credit clause did not require the same result in Massachusetts because Bigelow was neither party nor privy to the New York action. The Supreme Court affirmed:

> [I]t is clear that the conclusive effect of a judgment *in personam,* which is to be recognized when questioned in the courts of another state, depends upon whether it is the judgment of a court which had jurisdiction over the person of the defendant sought to be bound. The estoppel here insisted upon is grounded not upon actual notice or appearance, but upon a theory as to the relation between joint tort feasors under the laws of New York. If the Massachusetts court was of the opinion that, under the general law, that relationship was not such as to make Bigelow a party by either privity or representation, it was under no obligation to treat the New York judgment as a bar to the suit in which it was pleaded.

*Bigelow,* 225 U.S. at 139, 32 S.Ct. at 647; *see* Restatement (Second) of Conflict of Laws § 94 comment b (1971). Rouse does not argue that Transamerica was party or privy to the Mississippi litigation; it relies solely upon the Mississippi rule argued to bind a surety to a judgment against its principal. *See First Mobile Home Corp. v. Little,* 298 So.2d 676, 682–83 (Miss.1974). *Bigelow* establishes that under the circumstances of this case the Mississippi rule is entitled to no extraterritorial effect. *Bigelow,* 225 U.S. at 137, 32 S.Ct. at 646.

---

**5.** Bigelow's argument was based upon the principle of mutuality of estoppel, as was much of the Supreme Court's opinion. *See Bigelow,* 225 U.S. at 127, 32 S.Ct. at 642. Mutuality has been eviscerated in some jurisdictions. *See, e.g., Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Bernhard v. Bank of America National Trust and Savings Association,* 19 Cal.2d 807, 122 P.2d 892 (1942); *Coca Cola Co. v. Pepsi-Cola Co.,* 36 Del. 124, 172 A. 260 (Super. Ct.1934). Even in such jurisdictions, however, "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an op-portunity to be heard." *Parklane,* 439 U.S. at 327 n. 7, 99 S.Ct. at 649 n. 7. The party against whom a previous judgment is asserted normally must have been privy to the prior action. *See Blonder-Tongue,* 402 U.S. at 322, 91 S.Ct. at 1439. The *Bigelow* Court's discussion of *in personam* jurisdiction, 225 U.S. at 136–37, 32 S.Ct. at 645–46, is also obsolete. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The *Bigelow* full faith and credit discussion nevertheless maintains its vitality in the context of this case. Neither Bigelow nor Transamerica was party or privy to the judgment asserted as an estoppel—regardless of the mechanisms by which the rendering courts could have obtained jurisdiction over them.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.