Mrs. Ruby WRIGHT et al.,
Plaintiffs-Appellants,

v.

REDMAN MOBILE HOMES, INC., and
Mickey Earl Echols,
Defendants-Appellees.

No. 76–2138
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1976.

E. Lamar Gammage, Gerry E. Holmes, F. Marion Cummings, Cedartown, Ga., for plaintiffs-appellants.

W. Wray Eckl, Drake E. Chandler, Atlanta, Ga., for defendants-appellees.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, GODBOLD and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

These are consolidated appeals from jury verdicts rendered for defendants in a wrongful death action and a personal injury action, both of which arose out of a motor vehicle collision. Plaintiffs contend on appeal that the trial court committed error in (1) instructing the jury on the Georgia theory of unavoidable accident, and (2) excluding photographs showing a reconstruction of the collision scene.

The disputed duty charge is set forth, in part, as follows:

Likewise, if the injury and death were the result of an accident, unmixed and unconnected with any failure on the part of the defendants to use ordinary care, . . . there could be no recovery, because in the absence of a failure to exercise such care, the injury, if any, to such party is deemed to be unavoidable

. . . .

Plaintiffs contend that the instruction improperly gave defendants the benefit of a defense of unavoidable accident which was not pleaded and was not supported by the evidence. Plaintiffs alleged thirteen counts of negligence against defendants Mickey Earl Echols, the driver of a tractor pulling a mobile home atop a trailer, and Redman Mobile Homes, Echols' employer. Plaintiff Ruby Wright was a passenger in a car, driven by decedent Teresa Witcher, which collided with Echols' vehicle. Although defendants did not plead the theory of unavoidable accident in their answer, their contention was stated in the court's pretrial order.

■ The court's instruction correctly stated the Georgia theory of unavoidable accident. *See Guthrie v. Boose*, 134 Ga. App. 282, 213 S.E.2d 924 (1975); *Gordon v. Gordon*, 133 Ga.App. 520, 211 S.E.2d 374 (1974). An unavoidable accident need not have been truly unavoidable, *Ware v. Alston*, 112 Ga.App. 627, 145 S.E.2d 721 (1965), or wholly free of any negligence, *Pickering v. Wagnon*, 91 Ga.App. 610, 86 S.E.2d 621 (1955), as long as it did not result from a failure by either of the parties to exercise ordinary care.

■ While jury charges on unavoidable accident have been held to be improper in situations where the theory was not pleaded, *see Davenport v. Little*, 132 Ga.App. 391, 208 S.E.2d 179 (1974); *Ault v. Whittemore*, 73 Ga.App. 10, 35 S.E.2d 526 (1945) (upheld refusal to give charge), the sense of those cases was that the theory was not in contention. The Georgia cases permit the introduction of the issue by evidence at trial. *See Everett v. Clegg*, 213 Ga. 168, 171, 97 S.E.2d 689, 692 (1957); *Davenport, supra,* 132 Ga.App. at 391–93, 208 S.E.2d at 180–81; *Ault, supra,* 73 Ga.App. at 13–15, 35 S.E.2d at 529–30.

■ Although the thrust of plaintiffs' cause of action was defendants' negligence, there was evidence at trial which could support a finding that the driver Echols exercised proper care. There was also evidence that Witcher's car skidded out of control, that her car may have encountered brake malfunction which might have caused the loss of control, and that there were wet road conditions at the time of the collision. An unavoidable accident may result from either sudden brake failure or road conditions. *Ware v. Alston, supra* (brake failure); *Cartey v. Smith*, 105 Ga.App. 809, 125 S.E.2d 723 (1962) (both). Therefore, the question of unavoidable accident was at issue in this case, and the court's charge was not erroneous.

■ Appellants' contention as to the exclusion of the photographs is also without merit. Plaintiffs attempted to introduce five photographs showing a reconstructed picture of the scene, from the vantage point of a witness, to illustrate plaintiffs' assertion as to one of the disputed negligence counts. However, defendants responded that the photographs presented a distorted picture of the scene, and that other photographs of the collision site were admitted into evidence. "The admissibility of demonstrative evidence is largely within the discretion of the trial judge," and his exercise of that discretion will not be upset

"unless there is no competent evidence in the record to support it." *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.,* 5 Cir., 1969, 417 F.2d 378, 382. Since there was testimony indicating that the photographs might not have correctly portrayed the scene as it existed on the day of the collision, the exclusion of the photographs was proper, *see McDaniel v. Frye,* 5 Cir., 1976, 536 F.2d 625, and, even if it was erroneous, it was harmless, in light of the other evidence admitted at trial.

AFFIRMED.