Daniel John GASPARD,
Plaintiff-Appellant,

v.

DIAMOND M. DRILLING COMPANY et
al., Defendants-Appellees.

No. 78–2029
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 18, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Gothard J. Reck, New Orleans, La., for plaintiff-appellant.

Joseph J. Weigand, Jr., Christopher B. Siegrist, Houma, La., for Diamond M.

Normann & Normann, David R. Normann, New Orleans, La., for Fulton Armentor Boat Rentals & Continental Ins. Co.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant, Daniel John Gaspard, a cook employed by Diamond M. Drilling Co. (Diamond), fell and injured himself while descending some stairs into the cabin of the C/B Kerry, a crewboat owned and operated by Fulton Armentor and used to ferry Diamond's employees to their work site on Diamond's drilling rig. Armentor transported Diamond's employees on a daily basis under the terms of a verbal agreement between the two parties.

Appellant filed suit against Diamond and its insurer, alleging causes of action under the Jones Act and also under the general maritime law for unseaworthiness and maintenance and cure; Diamond then filed a third-party complaint against Armentor and his insurer; appellant later amended his complaint to add Armentor and his insurer as parties defendant.

Prior to trial the district court granted Armentor's motion for summary judgment, dismissing appellant's claims against Armentor pursuant to the Jones Act and the general maritime law for unseaworthiness, but preserving appellant's cause of action against Armentor for maritime tort. The district court denied a similar motion for summary judgment in favor of Diamond on the unseaworthiness claim, but urged counsel for Diamond to make a motion for directed verdict at trial.

At the close of appellant's evidence at trial, Diamond moved for a directed verdict on the unseaworthiness claim. The district court found that the agreement between Diamond and Armentor was a time charter, as opposed to demise or bareboat charter, since at all times the crewboat was operated by Armentor, who was responsible for its maintenance and provided its crew; accordingly, the court directed a verdict against appellant on the unseaworthiness claim. At the close of all the evidence the jury answered special interrogatories, finding that appellant had sustained an accident on board the crewboat, but that neither Armentor nor Diamond was negligent in any way which could have proximately caused his injury. Nonetheless, the jury did find that appellant was entitled to maintenance and cure.

■ Appellant argues that the district court erred in concluding that the verbal agreement between Diamond and Armentor was a time charter and in directing a verdict on that issue; appellant contends that at the very least the issue should have been submitted to the jury. Whether the verbal agreement is characterized as a time or demise charter is critical to appellant's case; if the agreement is construed to be a demise charter, then Diamond's duty of protection under the Jones Act would extend to appellant while he was being transported to his work aboard Armentor's boat, and Diamond would concomitantly owe appellant a warranty of seaworthiness; if the agreement is construed to be a time charter, however, appellant would be relegated to a claim for ordinary negligence, a much more stringent standard of care.

■■ A complete transfer of possession, command, and navigation of the vessel from the owner to the charterer is required in order to constitute a demise charter. *Guzman v. Pichirilo*, 369 U.S. 698, 699–700, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962); *Bishop v. United States*, 476 F.2d 977, 979 (5th Cir.), *cert. denied*, 414 U.S. 911, 94 S.Ct. 234, 38 L.Ed.2d 149 (1973). "It is therefore tantamount to, though just short of, an outright transfer of ownership." 369 U.S. at 700, 82 S.Ct. at 1096. Armentor never surrendered possession, command and navigation of the crewboat. He maintained the vessel, operated and navigated it, supplied the crews, insured it, and paid for all repairs. The limited amount of control that

Diamond exercised over Armentor is insufficient to overcome the presumption of a time charter. *See Stevens v. Seacoast Co.,* 414 F.2d 1032, 1035–37 (5th Cir. 1969). The district court was correct in finding the agreement to be a time charter and in directing a verdict against appellant on the unseaworthiness claim because reasonable-minded jurors could not have arrived at a contrary verdict. *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir. 1969).

Appellant also contends that the district court erred in instructing the jury as to the effect of a Coast Guard inspection certificate on the issue of the vessel owner's negligence. But the charge requested by appellant is only slightly different from the one given by the trial judge. The district court was not required to give an instruction in the exact language requested by appellant. *Delancey v. Motichek Towing Service, Inc.,* 427 F.2d 897, 902 (5th Cir. 1970). Similarly, we do not feel the district court abused its discretion in refusing to admit into evidence a model of the stairway on which appellant fell. *See Wright v. Redman Mobile Homes, Inc.,* 541 F.2d 1096, 1097–98 (5th Cir. 1976).

AFFIRMED.