977 So.2d 193 (2008)
Paul MATLOCK, III, Paul Matlock, Jr. and Sebastian Melerine
v.
EAGLE GEOPHYSICAL ONSHORE, INC., Marine Transport System, Inc., and Water Safety Services.
No. 2007-CA-0651.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 2008.
*194 Louis R. Koerner, Jr., Koerner Law Firm, Houma, Louisiana, Kenneth W. Jacques, Law Offices of Kenneth W. Jacques, APLC, New Orleans, Louisiana, for Plaintiffs/Appellants.
Bert M. Cass, Jr., Paul D. Hale, Joseph L. McReynolds, Deutsch, Kerrigan & Stiles, LLP, New Orleans, Louisiana, for Defendants/Appellees.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS, JR.).
JAMES F. McKAY III, Judge.
On December 18, 2003, the plaintiffs, Paul Matlock, Jr., Paul Matlock, III, and Sebastian Melerine were in a boat, crabbing on the Shell Pile Bayou at Oak River in Braithwaite. The plaintiffs allege that another vessel, the Marine Transport System 2(MT2), passed them at a high rate of speed and created a large wake, throwing the plaintiffs about their boat; the plaintiffs allege that they suffered serious physical injuries and that they lost 17 crab traps and approximately 200 crabs as a result of the incident. The MT2 was owned by defendant, Marine Transport System, Inc. (MTS), and time chartered by defendant, Eagle Geophysical Onshore, Inc. (Eagle).
The plaintiffs filed a petition for damages, naming MTS and Eagle as defendants. Eagle filed a motion for summary judgment which the trial court granted on July 27, 2006. The plaintiffs filed an application for supervisory writs, which this Court denied with instructions for the trial court to consider the application as a timely filed motion for a devolutive appeal.[1] On August 22, 2006, the trial court designated its judgment as a final judgment. It is from this judgment that the plaintiffs now appeal.
At issue in this appeal is whether the trial court properly granted Eagle's motion for summary judgment.
*195 Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
The uncontradicted testimony of Chris Conrad, the MTS boat captain, was that as captain he was solely responsible for the "navigation and upkeep of the vessel" and that none of Eagle's employees ever operated or drove the boat nor were they allowed to. Mr. Conrad's deposition testimony was confirmed by the affidavit of Michael Worsham, an independent contractor employed as Eagle's safety director. Mr. Worsham attested that Eagle did not own, operate, navigate, or control the navigation of any of the MTS boats. The plaintiffs introduced no countervailing affidavits or deposition testimony to refute Eagle's evidence.
Under maritime law, Eagle was a non-demise time charterer of the boat that was owned and operated by MTS. Under a time charter, the vessel remains under the possession and control of the vessel's owners. This is in contrast to a bare boat or demise charter, in which there is a complete transfer of possession, command, and navigation of the vessel to the charterer. See Gaspard v. Diamond M. Drilling Co., 593 F.2d 605 (5th Cir.1979); Terre Auf Boeufs Land Co., Inc. v. J.R. Gray Barge Company, 2000-2754, p. 20 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 99-100.
As summarized by the United States Fifth Circuit in Hodgen v. Forest Oil Corp., 87 F.3d 1512, 1517 (5th Cir. 1996), the maritime law recognizes that a time charterer has a "hybrid duty arising from tort and contract law to exercise the control the charter affords it over timing, route, and cargo of a vessel's journey in a reasonably prudent manner." However, this hybrid duty is limited to accidents that are in some way related to the charterer's contractual right to direct when and where the vessel is to go. Moore v. Phillips Petroleum Co., 912 F.2d 789 (5th Cir.1990). Although a time charterer does direct the destinations of the vessel, he does not control the details of vessel operation required to reach those destinations. Forrester v. Ocean Marine Indemnity Co., 11 F.3d 1213, 1215 (5th Cir.1993). Therefore, how a captain navigates a ship or how a vessel owner maintains a ship's seaworthiness is not within the ambit of the duty of a time charterer. In the instant case, the incident with the plaintiffs clearly involved *196 how the captain navigated the vessel and Eagle had no duty regarding this operation.
Based on the law and facts of this case, we find that the trial court's granting of Eagle's motion for summary judgment was appropriate. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., concurs and assigns reasons.
I agree that under the particular circumstances presented in this case the time charterer, Eagle Geophysical Onshore, Inc., is not liable. There was no evidence that Eagle directed or in any way controlled the operation of the boat and thus it is not liable. See P & E Boat Rentals, Inc. v. Ennia General Ins. Co., 872 F.2d 642 (5th Cir.1989)(finding a time charterer liable for its own negligent acts).
NOTES
[1] 2006-C-1301